The People of Puerto Rico, Plaintiff and Appellee, *v.* Justino García Alvira, Defendant and Appellant.  Same v. Same.

Nos. 10369, 10370.   Argued April 19, 1944.—Decided April 28, 1944.

*Juan Neváres Santiago* for appellant.   *R. A. Gómez*, Prosecuting Attorney, for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The defendant-appellant was convicted of the crime of possessing a revolver without declaring it in writing to the

---

Chief of the Insular Police of the district where he resided. On the same date he was convicted for the unlawful carrying of said revolver. He was sentenced to two months in jail for the first offense, and to three months for the second. The defendant appealed, and the cases were heard jointly.

It is the appellant's contention that the lower court erred in finding him guilty: (a) because from the evidence submitted it appears that the defendant carried the revolver within his premises, where he could legally carry it; and (b) because the revolver, being registered in the name of the defendant's father and both of them living in the same house, it was not necessary that it be registered in the defendant's name.

We have examined carefully the transcript of the evidence. And that of the prosecution, to which the lower court gave credit, shows that on the day of the crime the defendant arrived at his home at about 5 o'clock in the afternoon, changed his clothes and went out again along Triunfo Street in Fajardo; that about five minutes later, he returned to the same street accompanied by Jorge Romero, that when both arrived at the house of the defendant, the latter walked in first, followed by Romero; that as soon as they entered the alley at the side of the house, the defendant turned and shot with a gun three times at Jorge, wounding him in the feet in two places. The evidence for the defense tended to show that when the two young men entered the alley, the defendant entered the house and from it shot three times at a dog which was foaming at the mouth and was close to a boy whom the defendant had living with him. The lower court did not give credit to the testimony of the only witness for the defense, who was the defendant's father, and decided the case against the defendant, basing its decision in the testimony of the wounded man and of Benita Vélez, a neighbor who saw what happened. The evidence for the prosecution being sufficient to sustain conviction for the

unlawful carrying of the gun, shows that the lower court did not commit the error assigned and discussed here.

The second question raised by the appellant has already been decided by this court in *People* v. *Rodríguez,* 61 P.R.R. 867. It being established that the defendant had in his possession and under his control the gun which he was unlawfully carrying, and with which he shot and wounded Jorge Romero, it is no defense, against a charge that the gun has not been registered in the defendant's name, that it is registered in his father's name.

The judgments in both cases should be affirmed.